UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN,<br><br>        Plaintiff,<br><br>   v.<br><br>ROSS,<br><br>        Defendant. | No. 2:19-cv-0317 AC P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.    <u>Application to Proceed In Forma Pauperis</u>

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous when it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that defendant Ross violated plaintiff's rights under the First and Fourteenth Amendments. In Claim I, plaintiff alleges his First Amendment right to petition the government was violated when he was not provided writing materials to pursue his administrative appeals, resulting in his appeal being denied as untimely. ECF No. 1 at 3. In Claim II, plaintiff alleges his Fourteenth Amendment right to due process was violated when the prison and unspecified individuals lost his personal property during a transfer. Id. at 4.

### IV. Failure to State a Claim

#### A. Personal Involvement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 370-71, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient . . . ." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Despite naming Ross as the sole defendant, plaintiff does not make any allegations against him or any other specific person. Instead, he makes generalized allegations without identifying the individuals who are responsible. Because it is unclear what actions, if any, were taken by

Ross, the facts as pled in the complaint do not show Ross was involved in the alleged constitutional deprivations, and plaintiff fails to state a claim against Ross.

### B. Grievances

Plaintiff's asserted right to petition the government for the redress of grievances is well established under the First Amendment. As recognized by the Ninth Circuit, "[o]f fundamental import to prisoners are their First Amendment 'right[s] to file prison grievances,' and to 'pursue civil rights litigation in the courts.' Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (second alteration in original) (footnote and internal citations omitted). While prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure," Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)), they do have a constitutional right to petition, which includes a right of access to the courts and to pursue available prison administrative remedies, O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996); see also Assyd v. Ariz. Dep't of Corr., 745 F. App'x 773, 774 (9th Cir. 2018) ("The district court erred by construing [the allegation that an officer refused to accept prisoner's grievance] as a due process claim rather than a First Amendment claim." (citing O'Keefe, 82 F.3d at 325)). "In order to establish that government action has infringed on the constitutional right to petition the government, an individual need not show that the government has directly interfered with the exercise of this right." O'Keefe, 82 F.3d at 325 (citation omitted). Instead, constitutional violations "may arise from the deterrent, or 'chilling,' effect of governmental action," and such an "unconstitutional chill will only exist if the government action has injured the individual or places the individual in immediate danger of sustaining a direct injury." Id. (citation omitted).

In this case, plaintiff claims that he was deprived of his right to file a grievance when he was sent to a crisis bed and not provided writing materials. ECF No. 1 at 3. Plaintiff's ability to file a grievance was directly interfered with because he was unable to pursue his administrative appeals within the time constraints, and he suffered an actual injury when his appeal was denied as untimely, which prevented him from getting reimbursed for his property. Id. at 3-4. However,

while the denial of writing supplies states a claim of relief, plaintiff does not clearly describe who is responsible for the actions against him. It is unclear whether the same individual sent plaintiff to the crisis bed, failed to supply him with writing materials, and denied his administrative appeal, or whether these actions were carried out by separate individuals. It is also unclear which, if any, of these actions was carried out by Ross.[1] Because plaintiff does not state which actions Ross is responsible for, he fails to state a cognizable claim against Ross.

### C. Property Claim

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

In the instant case, plaintiff claims that the prison and unspecified individuals lost his property and failed to compensate him for the lost property. ECF No. 1 at 4. Because the property was lost, the deprivation was unauthorized and plaintiff's property claim is not cognizable against any individual. Furthermore, any claims against the prison itself are barred by sovereign immunity. See Howlett v. Rose, 496 U.S. 356, 365 (1990).

### V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

---

[1] The court notes that plaintiff identifies R as the "R.N.R. Sergeant," ECF No. 1 at 2, presumably meaning he was the "R&R" or receiving and release sergeant in charge of property.

Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient . . . ." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Current Address

The Inmate Locator website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff is currently incarcerated at California State Prison, Sacramento. The Clerk of the Court will therefore be directed to serve plaintiff at California State Prison, Sacramento and at his address of record and plaintiff will be required to confirm his current address.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. Your claim that your ability to file a grievance was interfered with fails to state a claim because you do not identify who did what. Your property claim does not state a claim because the state provides an adequate post-deprivation remedy. You

are being given a chance to amend the complaint to try and provide more information that would support a claim.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Within thirty days of the service of this order, plaintiff shall notify the court of his current address.

6. The Clerk of the Court is directed to serve plaintiff at both his address of record and at California State Prison, Sacramento, P.O. Box 290001, Represa, CA 95671.

DATED: March 18, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE