UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN, | No. 2:19-cv-0317 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ROSS, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. His first amended complaint, ECF No. 11, is before the court.

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous when it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

II. First Amended Complaint

The first amended complaint alleges that defendant Ross violated plaintiff's Fourteenth Amendment rights when he lost plaintiff's property and refused to reimburse him or provide him with replacement property. ECF No. 11 at 2. Plaintiff also appears to allege that his due process rights were violated when his grievance was denied as untimely because he was in a crisis bed and unable to file within the time constraints, though it is unclear whether Ross was the person who denied his grievance. Id. at 3.

III. Failure to State a Claim

A. Property Claim

In screening the original complaint, the court advised plaintiff that the unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy, Hudson v. Palmer,

1  468 U.S. 517, 533 (1984), and "California Law provides an adequate post-deprivation remedy for
2  any property deprivations," Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam)
3  (citing Cal. Gov't Code §§ 810-895).  Plaintiff's allegations that Ross lost his property therefore
4  fail to state a claim for relief and must be dismissed.

      B.  Grievances

6      To the extent plaintiff is alleging that Ross or any other individual violated his right to due
7  process by denying his grievance, plaintiff has no claim for the "loss of a liberty interest in the
8  processing of his appeals . . . because inmates lack a separate constitutional entitlement to a
9  specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
10 (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore this claim also fails and
11 must be dismissed.

12    IV.    No Leave to Amend

13     Leave to amend should be granted if it appears possible that the defects in the complaint
14 could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31
15 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se
16 litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,
17 unless it is absolutely clear that the deficiencies of the complaint could not be cured by
18 amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after
19 careful consideration, it is clear that a complaint cannot be cured by amendment, the court may
20 dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

21     The undersigned finds that, as set forth above, the complaint fails to state a claim upon
22 which relief may be granted and that amendment would be futile.  The complaint should therefore
23 be dismissed without leave to amend.

24    V.    Plain Language Summary of this Order for a Pro Se Litigant

25     It is being recommended that your complaint be dismissed without leave to amend
26 because the actions you are complaining about are not constitutional violations.

27     Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly
28 assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE